FILED
SUPERIOR COURT
OF GUAM

2023 FEB -2 PM 4: 52

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case Nos.: CF0284-20** |
| | **CM0277-20** |
| vs. | |
| | **GPD Report Nos.: 20-17354/20-13312** |
| **RYAN ANTHONY CASTRO SABLAN,** | |
| DOB: 06/20/1987 | |
| | **DECISION AND ORDER** |
| Defendant. | **GRANTING THE PEOPLE'S MOTION** |
| | **FOR REVOCATION OF PROBATION** |

This matter came before the Honorable Dana A. Gutierrez on January 9, 2023 for a hearing on the People's Motion for Revocation of Probation and Imposition of Sentence ("Motion for Revocation"). Present were Defendant Ryan Anthony Castro Sablan ("Defendant"); Assistant Alternate Public Defender Peter Santos ("Defense Counsel") representing Defendant; Assistant Attorney General Katie Nepton representing the People of Guam (the "People"); and Probation Officer Vincent Reyes. Based on the arguments presented by the parties and the record in these matters, the Court now issues this Decision and Order **GRANTING** the People's Motion for Revocation and setting a Sentencing Hearing for **February 7, 2023 at 10:30 a.m.**

### FACTUAL BACKGROUND

1.      On June 16, 2021, the Defendant pleaded guilty to VIOLATION OF A COURT ORDER (As a Misdemeanor) in CM0277-20 and FAMILY VIOLENCE (As a Misdemeanor) in CF0284-20. *See* Plea Agreement (November 29, 2021); Judgment (November 29, 2021).

2.      On June 16, 2021, the Defendant was sentenced as follows:

> As to the *First Charge* of VIOLATION OF A COURT ORDER (As a Misdemeanor) in CM0277-20 and the *Third Charge, Count One* of FAMILY VIOLENCE (As a Misdemeanor) in CF0284-20, Defendant is sentenced to serve **one (1) year incarceration for each charge, concurrent,** at the Department of Corrections, Mangilao, **all suspended,** with credit for time served.

Judgment, at 2 (November 29, 2021).

3.      On June 22, 2022, the Adult Probation Services Division ("Probation") filed a First Violation Report alleging:

> That the defendant failed to refrain from threatening, harassing, and annoying the victims. On June 22, 2022 the victim Ruth Sablan reported to the Probation Office that the defendant expressed anger by punching the walls in the home and aggression toward his father Anthony Sablan by doing a "face off" with him. Both parents are in fear of their safety. The victim provided a written statement to this affect. (See Attached)

> That the defendant refuses to be consistent in taking his medication prescribed by Guam Behavioral Health and Wellness Center. The victim provided a written statement to this affect. (See Attached)

4.      On June 27, 2022, Probation filed an Amended 1st Violation Report alleging:

> That the defendant failed to refrain from threatening and harassing the victims. On June 22, 2022 the victim, Ruth Sablan reported to the Probation Office that the defendant expressed anger by punching the walls and doors in the home damaging them and displayed aggression towards his father, Anthony Sablan, by talking back to him and did a "face off" with him. Both parents are in fear for their safety as well as the safety of the defendant. Mrs. Ruth Sablan, mother of the defendant and victim, provided a written statement regarding the defendant's behavior. Please see attached.

> The defendant refuses to be consistent in taking his medications prescribed by Guam Behavior Health and Wellness Center. The defendant's mother also provided a statement regarding his medication use.

5.      On June 28, 2022, Probation filed a Petition for Warrant or Summons for Offender Under Supervision based on the allegations in the Amended 1st Violation Report. The Court issued a Warrant of Arrest and set bail at $300.00.

6.      On July 18, 2022, a Return of Warrant was filed. On July 20, 2022, the Court held a Return of Warrant hearing and remanded the Defendant pending confirmation if his parents would allow him to return to their home.

2

7. On August 5, 2022, the Court held a Status Hearing. At the hearing, the Court remanded the Defendant and ordered that the Department of Corrections ("DOC") transport the Defendant for a drug and alcohol assessment at the Guam Behavioral Health and Wellness Center ("GBHWC"). Order for Assessment at GBHWC and for DOC to Transport Defendant (Aug. 5, 2022).

8. On August 18, 2022, the Court held a Status Hearing. At the hearing, Probation informed the Court that GBHWC's assessment was that the Defendant receive treatment through the Lighthouse Recovery Center ("LRC") Inpatient Residential Treatment Program ("Inpatient Program"). The Court released the Defendant but placed him on house arrest except for court appearances, to meet with defense counsel or Probation Services, to attend religious services, for emergency medical treatment, or to meet with or attend services at LRC. Defendant was to remain on house arrest until he is either accepted into LRC's Inpatient Program or until his next court hearing. Order Re Conditions of Release (Aug. 18, 2022).

9. On August 26, 2022, Probation filed a 2nd Violation Report alleging that:

> The defendant failed to obey the condition of House Arrest. On August 26, 2022, the undersigned Probation Officer met with Ms. Ruth Sablan (defendant's mother). Ruth informed Probation via signed declaration that the defendant left the house on August 19, 20, 21 and 25, 2022. A copy of the declaration can be found attached to this violation report.

10. On August 29, 2022, Probation filed a Petition for Warrant or Summons for Offender Under Supervision based on the allegations in the 2nd Violation Report. The Court issued a Warrant of Arrest and set bail at $500.00.

11 On September 2, 2022, a Return of Warrant was filed. On September 6, 2022, the Court held a Return of Warrant hearing. At the hearing, the Court remanded the Defendant and instructed Probation to inform the Defendant's parents that the Court wanted them present at the next Court hearing.

12. On September 16, 2022, Probation informed the Court that the Defendant's parents did not want him home until he completed his assessment with LRC and that his assessment was scheduled for September 29, 2022. The Court remanded Defendant pending his assessment with LRC and ordered that DOC transport the Defendant for his LRC Assessment. Order for Transport and Treatment (Nov. 21, 2022).

3

13. On September 30, 2022, the Court held a Status Hearing. At the hearing, Probation informed the Court that LRC was recommending intensive outpatient services. Probation also informed the Court that the Defendant's mom wanted him home if he participated in the LRC intensive outpatient services but that his dad was not sure if he wanted him home. The Court instructed the People to determine the Defendant's parents' position on release for the next hearing.

14. On October 7, 2022, the Court held a Status Hearing. At the hearing, the People informed the Court that the parents would like the Defendant to come home but with the condition that he be under house arrest. The Court ordered the following: that Defendant be released on house arrest; that the Defendant report to probation if called for drug testing; and that the Defendant attend the LRC Outpatient Treatment Program.

15. On October 18, 2022, Probation filed a 3rd Violation Report alleging that:

> The Defendant failed to refrain from consuming any illegal controlled substances. On October 18, 2022, the Defendant reported to the Probation Office and submitted to a random drug test. The Defendant tested presumptive positive for methamphetamines and admitted via signed declaration to smoking "meth" on 10/17/2022. A copy of the declaration can be found attached to this violation report.

16. On October 20, 2022, Probation filed a Petition for Warrant or Summons for Offender Under Supervision based on the allegations in the 3rd Violation Report. The Court issued a Warrant of Arrest and set bail at $500.00

17. On October 24, 2022, a Return of Warrant was filed. On October 31, 2022, the Court held a Return of Warrant hearing. At the hearing, the Court remanded the Defendant until a more definite plan could be put in place to assist Defendant with his substance abuse issues

18. On November 9, 2022, the Court held a Status Hearing in the case. At the hearing, the Defendant's parents appeared before the Court and informed the Court that they love their son but that they want their son to obtain treatment. Min Entry (November 9, 2022). The Court remanded the Defendant pending his assessment to enter the LRC Inpatient Program.

19. On November 21, 2022, the Court held a Status Hearing to determine the Defendant's ability to enter the LRC Inpatient Program. At the hearing, the Court ordered the following: that the Defendant be released to the custody of GBHWC for screening and testing for

4

entry into the LRC Inpatient Program; that if the Defendant is cleared, LRC personnel were to take custody of the Defendant; that Defendant was to remain under the supervision of LRC and was only to leave LRC for inpatient-related activities; that if Defendant were to leave or was expelled from the LRC Inpatient Program for any reason, LRC personnel were to inform Probation services immediately; and that Defendant shall be deemed to be in violation of the Court's Order and the conditions of probation if the Defendant failed to complete LRC treatment.

20.     On November 29, 2022, Probation filed a 4th Violation Report alleging that:

> On November 21, 2022 the Defendant was ordered by the Honorable Dana A. Gutierrez, Judge, Superior Court of Guam, to attend and complete the Light House Recovery Center's (LRC) residential treatment program. On November 29, 2022, the undersigned Probation Officer received a phone call from Mr. Christopher Francisco, Clinical Supervisor at LRC. Mr. Francisco stated that on Sunday, November 27, 2022, at around 4:54 PM, the Defendant voluntarily discharged himself from LRC's residential program.

21.     On December 1, 2022, Probation Probation filed a Petition for Warrant or Summons for Offender Under Supervision based on the allegations in the 4th Violation Report. The Court issued a Warrant of Arrest and set bail at $500.00.

22.     On December 2, 2022, a Return of Warrant was filed. A Return of Warrant hearing was held on December 7, 2022. At the hearing, Assistant Attorney General David Rivera informed the Court that the People intended to file a motion to revoke the Defendant's probation. The Court set the briefing schedule on the Motion for Revocation and set a Motion Hearing for January 6, 2023. The Court remanded the Defendant pending the hearing on the motion.

24.     On December 12, 2022, the People filed their Motion for Revocation. The basis of the Motion was the Defendant's alleged flagrant disregard of probation conditions and inexcusable non-compliance with substantial requirements of probation. On December 21, 2022, the Court issued a Penal Summons to Defendant informing him that the People moved to revoke his probation.

25.     On January 4, 2023, the Court issued an Amended Penal Summons to Defendant noting the People's Motion for Revocation. The Court also issued a Notice of Continued Hearing, rescheduling the Motion Hearing to January 9, 2023.

26. On January 9, 2023, the Court called the case for the Motion Hearing. At the hearing, Probation confirmed the outstanding conditions of Defendant's probation. Min Entry (January 9, 2023).

27. Defense Counsel informed the Court that a written Opposition to the Motion was not filed as the Defendant explored alternatives to revocation, such as finding his own place to live to get him away from known negative influences or arranging off-island substance abuse treatment. However, Defense Counsel informed the Court that an alternative could not be identified. Defense Counsel discussed the attempts to assist the Defendant and have him comply with the terms of probation on his own but that the type of treatment or program needed by the Defendant to address his substance abuse is currently not available. *Id.*

28. The People emphasized that the family, who are the victims in Defendant's cases, indicated that they want the Defendant to get help. The People argued that there is a consistent pattern in the Defendant's behavior—he is picked up, then extraordinary means are set up to assist the Defendant so he can be released, but the Defendant refuses to follow through with the release conditions and has to be picked up again. The People stated that extraordinary efforts have been taken by Probation, by the Court and everyone except for the Defendant. Further, the People argued that the Court took the Defendant's plea on June 16, 2021 so the Defendant has had plenty of time to show that he is serious about his probation, but has not done so. *Id.* As reflected in the People's briefing, their Motion is based on the First, Second, Third and Fourth Violations Reports filed against the Defendant. Mot. for Revoc., at 2-3.

35. Based on the arguments and evidence presented, the Court took the matter under advisement.

## DISCUSSION

### A. Defendant Received Notice and an Opportunity to Be Heard Before Revocation.

The Court may not order revocation of probation unless the offender is provided with written notice of the grounds for revocation of probation. 9 G.C.A. § 80.68(a). At the revocation hearing, the offender "shall have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.*

6

Here, the Defendant was served initially with a Penal Summons, and then with an Amended Penal Summons, informing him that the People of Guam moved to revoke his probation based on his alleged flagrant disregard of probation conditions and inexcusable non-compliance with substantial requirements of probation. Specifically, the Amended Penal Summons stated:

> The People cite four violation reports dated June 22, August 26, October 18, and November 29, 2022.[1] These reports include, but are not limited to, the following violations: failing to refrain from threatening or harassing the victims; not consistently taking medications as prescribed by [GBHWC]; leaving the house while on house arrest; ingesting illegal controlled substances; and discharging yourself from the [LRC Inpatient Program].

Amended Penal Summons. The Amended Penal Summons instructed the Defendant to attend the revocation hearing and that at the hearing he may cross-examine the People's witnesses and present evidence in opposition to the People's Motion.

At the revocation hearing on January 9, 2023, the Court allowed Defendant an opportunity to present his opposition. Therefore, Defendant properly received notice of the grounds for revocation and was provided with an opportunity to present his opposition.

### B.    Defendant Violated Substantial Conditions of His Probation.

Guam law specifies the procedures that the Court must follow for revocation of probation as follows:

> [T[he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension of probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2). Under this statute, probation revocation is a two-step process. First, the Court must make a factual determination that Defendant has violated a substantial condition of his probation. *People v. Camacho*, 2009 Guam 6 ¶ 27.

Pursuant to Defendant's Plea Agreement, Defendant agreed, *inter alia*, to the following conditions of probation:

---

[1] The Court notes that the June 22, 2022 First Violation Report was amended by Probation on June 27, 2022. Based on the Court's review, there is no substantive difference between the June 22, 2022 First Violation Report and the June 27, 2022 Amended 1st Violation Report.

- Defendant shall perform 200 hours of community service with the Probation Services Division.
- Defendant shall not harass, assault, threaten, physically strike, terrorize or injure Anthony San Nicolas Sablan and Ruth Sablan.
- Defendant shall refrain from threatening to commit or committing acts of family violence against, or from harassing, annoying, or molesting Anthony San Nicolas Sablan and Ruth Sablan, a family or household member, or any person named in the court.
- Defendant shall comply with and pay fees to the Superior Court of Guam for Group Treatment through the Client Services and Family Counseling Division, Individual or Psychological Evaluation through the Client Services and Family Counseling Division, and the Domestic Abuse Project Workshop at the Alternative Sentencing Office in compliance with any Court order.
- Defendant shall not possess or consume any illegal controlled substances, or marijuana.
- Defendant shall comply with any court ordered entered against the Defendant, including orders of family court or any other local or federal court of competent jurisdiction;
- Defendant shall abide by any other conditions imposed by the Court or the Probation Office.

Plea Agreement, at 2-4 (Nov. 29, 2021). As of the date of the revocation hearing, the Court notes that Defendant:

- Failed to complete Community Service hours of 200 hours.
- Failed to pay $185 towards his Client Services and Family Counseling counseling fees.
- Failed to not threaten, harass, or annoy Anthony San Nicolas Sablan and Ruth Sablan.
- Failed to refrain from possessing or consuming any illegal controlled substances, namely methamphetamines.
- Failed to follow court orders concerning house arrest and completion of the LRC Inpatient Program.

Thus, after nearly a year and a half on probation, Defendant has not completed any community service hours. Although he did attend individual counseling with Client Services and Family Counseling, he has not made any payment towards his counseling fees. He also has failed to refrain from behavior that initially brought him before the Court—refraining from threatening, harassing or annoying his parents, Anthony San Nicolas Sablan and Ruth Sablan.

In addition, even prior to the Defendant entering into his Plea Agreement, in CM0277-20, the Court allowed the Defendant to be released and transferred to the custody of LRC to attend

8

its Inpatient Program to begin treatment. Without the Court's knowledge or permission, the Defendant left the LRC Inpatient Program prior to completion. After entering into the Plea Agreement, the Court, the People, Defense Counsel, the family, and Probation, all worked to assist the Defendant get back into the LRC Inpatient Program, but the Defendant left the program about a week after commencing the program. The Defendant also admitted to possession and consuming methamphetamines while on probation and he left the house on numerous occasions while on court-ordered and agreed upon house arrest.

Therefore, this Court finds that Defendant has inexcusably violated substantial conditions of his probation by failing to perform any community service hours; failing to make payments towards his counseling fees, failing to refrain from threatening, harassing or annoying his parents, Anthony San Nicolas Sablan and Ruth Sablan; failing to refrain from possessing or consuming any illegal controlled substances, namely methamphetamines; failing to abide by the terms of his house arrest; and failing to complete the LRC Inpatient Program.

C.   **Defendant's Violations Warrant Revocation.**

Pursuant to 9 G.C.A. § 80.66(a)(2), the Court may revoke probation if it finds that revocation will "best satisfy the ends of justice and the best interests of the public." Therefore, the second step in a revocation of probation proceeding is a determination as to whether the violation warrants revocation. *Camacho,* 2009 Guam 6 ¶ 27. "The goal of a [probation] revocation hearing is . . . to determine whether the defendant remains a good risk for probation." *People v Manila,* 2005 Guam 6 ¶ 3. Probation is not a right to which a defendant is entitled, but rather a favor granted by the state. *Camacho,* 2009 Guam 6 ¶ 26.

The chronology of this case persuades the Court that Defendant no longer remains a good candidate for probation. Since the First Violation Report was filed by Probation on June 22, 2022, the Court has issued four (4) warrants of arrest for the Defendant. Defendant's failure to abide by his Court-ordered probationary conditions has required the expenditure of judicial resources to execute four (4) warrants in order to bring the Defendant before this Court to answer to the alleged violations of his probation. At the return of warrant hearing for the first warrant, the Court released Defendant on agreed upon house arrest, which the Defendant then violated. At the second return of warrant hearing, the Court again released the Defendant on house arrest, but the Defendant then failed a random drug test administered by Probation. At the third return of

9

warrant hearing, the Defendant was released to LRC for treatment, but he voluntarily left after one week. After the fourth return of warrant, the People filed their Motion for Revocation.

As mentioned above, the Court notes the significant efforts made by Probation, Defense Counsel, GBHWC, LRC, DOC, and the People to ensure that the Defendant has had treatment opportunities. First, the Defendant was initially enrolled in the LRC Inpatient Program while he was in pretrial status, but he failed to complete the program. Then, during probation, the Defendant was given an opportunity to participate in the LRC outpatient treatment program, which he also did not complete. The Court then worked with GBHWC and DOC to provide transport for the Defendant to be re-enrolled into the LRC Inpatient Program, which the Defendant then voluntarily left after less than a week.

Thus, despite multiple opportunities, the Defendant has failed to demonstrate at this time that he can be trusted to complete the conditions of his probation. In light of the record, it is highly unlikely that, if given an additional extension of his probation, Defendant would comply with the conditions of his probation and the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. *See* 9 G.C.A. § 80.66(a)(2).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the People's Motion for Revocation and **ORDERS** that the Defendant's probation in the above-captioned matter is hereby **REVOKED**. A Sentencing Hearing shall be held on **February 7, 2023 at 10:30 a.m.** in order to impose the sentence as set forth in the Plea Agreement and Judgment.

FEB 0 2 2023

**SO ORDERED:** _____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

10